

JUDGE CROTTY

14 CV 7112

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x

MARCY ZEVON,
individually and on behalf of
all others similarly situated,

          Plaintiff,

  - against -

AMERICAN EXPRESS
BANK, FSB,

          Defendant.

-------------------------------------------------x

No.

CLASS ACTION

JURY DEMANDED

RECEIVED
SEP 0 3 2014
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

1.     This action seeks redress for the illegal practices of American Express Bank, FSB for unlawfully treating certain payments from its credit card customers as late, in violation of the Truth in Lending Act ("TILA").

2.     As alleged in greater detail below, American Express Bank, FSB and its affiliates ("Amex" or "Bank"), failed to properly treat certain payments as timely, as mandated by the statutory provisions of TILA and by the corresponding federal regulations governing payments. More specifically, the Bank failed to treat as timely those payments that were due on a date falling on a weekend day or a holiday that it did not receive mailed payments, but which the Bank did receive by mail on the next day that it was receiving payments.

3.      TILA's purpose is to assure meaningful disclosure of credit terms in order to (i) allow consumers to compare more readily the various credit terms available; (ii) enable consumers to avoid the uninformed use of credit; and (iii) protect consumers against inaccurate and unfair billing practices. 15 U.S.C. § 1601(a). The Bank's conduct violates the express provisions of the TILA and the applicable Regulations.

4.      Under the private enforcement provisions of TILA, plaintiff and the proposed class seek the recovery of statutory damages of up to $1,000,000 plus actual damages, included but not limited to restitution of late fees.

## Jurisdiction and Venue

5.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337, as well as under 15 U.S.C. § 1640(e), because this action arises under TILA, 15 U.S.C. § 1601 *et seq.*

6.      Venue is proper because the acts and transactions that give rise to this action occurred, in substantial part, in this district. Venue is also proper in this district because the Bank transacts business in this district and the interests of justice require maintenance of this action in this district.

## Parties

7.      Plaintiff Marcy Zevon resides in New York, New York, which is within this district.

8.      Zevon is a "consumer," as that term is defined by § 1602(h) of TILA, because this complaint arises from the Bank's offer and extension of credit to Zevon, a credit card holder, for personal, family or household purposes.

9.      Upon information and belief, Defendant American Express Bank, FSB is doing business in the State of New York and throughout the United States, with a principal place of business in Utah.

10.      The Bank is a "creditor," as that term is defined by § 1602(f) of TILA and Regulation Z ("Regulation Z"), 12 C.F.R. § 226.2(a)(17) and 12 C.F.R. §1026.2(a)(17), because at all relevant times, the Bank, in the ordinary course of its business, regularly – *i.e.*, more than 25 times a year – extended or offered to extend consumer credit for which a finance charge is or may be imposed, which is payable in more than four installments.

## Factual Allegations

11.      Zevon is the holder of a Card account issued by the Bank generally intended for the purchase of goods or services or the procurement of cash advances.

12.      Upon information and belief, Zevon received on or about August 8, 2013 a periodic billing statement from the Bank that informed her that a minimum payment on the account was due on September 2, 2013, a federal holiday.

13.     Upon information and belief, Zevon mailed a payment conforming with the Bank's payment instructions on or about August 30, 2013.

14.     The Bank furnished Zevon with a periodic billing statement (the "September 2013 statement") on or about September 7, 2013. See Exhibit A.

15.     The Bank credited Zevon's payment as received on September 3, 2013. *Id.*

16.     The September 2013 statement indicated that Zevon had been charged a late fee. *Id.*

17.     Upon information and belief, the Bank did not accept or receive mailed payments on September 2, 2013.

13.     All class members herein, as defined below, mailed payments in advance of a due date falling on a date which the Bank did not accept or receive mailed payments, which the Bank credited as arriving on the next business day it was accepting payments, and which the Bank treated as late.

### Class Allegations

14.     Zevon brings this action individually and on behalf of all persons similarly situated.

15.     The proposed class (the "Class") consists of all consumers holding a credit account with the Bank who, since August 22, 2009, sent or caused to send to the Bank by mail a payment that (i) was due on a weekend day, holiday or other date on which the Bank did not accept or receive mailed payments; (ii) was recorded as received on the first day following such a due date that the Bank did accept

4

mailed payments; (iii) was treated as a late payment by the Bank; and (iv) would have satisfied the minimum payment due requirement, had it been received and credited on or by the due date.

16.     Specifically excluded from this class are the Bank, any entity in which the Bank has a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries or assigns of any such individual or entity.

17.     The members of the class for whose benefit this action is brought is so numerous that joinder of all Class members is not practicable. In light of the tens of thousands of credit cards issued by the Bank every year, the number of class members is believed to be in excess of 1,000 persons.

18.     Plaintiff's claims are typical of, if not identical to, all members of the class and Plaintiff does not have any interest that is adverse or antagonistic to the interests of the class. If the conduct of the Bank violates TILA as applied to Plaintiff, then it violates TILA with respect to the Class.

19.     Plaintiff will fairly and adequately protect the interests of the Class as she is committed to the vigorous prosecution of this action and, to that end, has retained competent counsel experienced in complex litigation of this nature.

20.     The Class is proper for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure. The Defendants' actions complained of herein are generally applicable to all Class members, thereby making final injunctive relief appropriate with respect to the class as a whole.

21.     The class is also proper for certification under Federal Rule of Civil Procedure 23(b)(3). A class action is superior to other available methods for the fair and efficient adjudication of the claims asserted herein. Because damages suffered by individual class members may be relatively small, the expense and burden of individual litigation make it impracticable for the class to seek redress individually for the wrongs they have suffered. Members of the Class do not have a particular interest in individually controlling the prosecution of separate actions.

22.     There are questions of law and fact which are common to the members of the Class and which predominate over questions affecting only individual members. Common questions of law and fact include, but are not limited to, whether the Bank has a standardized procedure by which it fails to make a disclosure of a credit customer's billing rights compliant with TILA and Regulation Z.

23.     Upon information and belief, the Class consists of thousands of customers.

24.     Thus, a class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

a) Common questions of law and/or fact predominate over any individual questions which may arise and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of a repetitive individual basis; and

b) The aggregate volume of the individual class members' claims, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a class action on a

cost-effective basis, especially when compared with repetitive individual litigation.

25.     Class certification is also fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impede their ability to protect their interests. Moreover, since the actual monetary damages suffered by, or statutory damages available to, individual Class members may be relatively small, although significant in the aggregate, the expenses and burdens of individual litigation make it impossible or effectively impossible for the members of the Class to seek individual redress for the TILA violations committed by Defendant.

26.     Plaintiff anticipates that there will be no difficulty in the management of this litigation. The records of the individuals encompassed within the Class are in Defendants' possession.

## COUNT I

### *Violations of the Truth in Lending Act*

27.     Plaintiff repeats and re-alleges each and every allegation contained in the foregoing paragraphs with the same force and effect as though fully set forth herein.

28.     Congress authorized the Federal Reserve Board ("FRB" or "Board") to promulgate regulations granting it broad authority to effectuate the purposes of

TILA; that authority is now delegated to the Bureau of Consumer Financial Protection ("Bureau"). 15 U.S.C. §1604(a)(2008); 15 U.S.C. §1604(a).

29. The set of regulations that the FRB promulgated to implement TILA is known as Regulation Z, 12 C.F.R. §226.1 *et seq.*;

30. To reflect its assumption of TILA rulemaking authority as of July 21, 2011, the Bureau issued an interim final rule republishing Regulation Z with only minor changes that did not impose any new substantive obligations on creditors. 76 FR 79768 (Dec. 22, 2011); 12 C.F.R. §1026.1 *et seq.*

31. TILA specifies that "[i]f the payment due date for a credit card account under an open end consumer credit plan is a day on which the creditor does not receive or accept payments by mail (including weekends and holidays), the creditor may not treat a payment received on the next business day as late for any purpose." 15 U.S.C. § 1637(o)(2).

32. Similarly, Regulation Z provides that "if a creditor does not receive or accept payments by mail on the due date for payments, the creditor may generally not treat a payment received the next business day as late for any purpose." 12 C.F.R. § 1026.10(d)(1).

33. With respect to each of the Bank's violations of TILA for inaccurate disclosures, as alleged above, Plaintiff and the Class are entitled to recover up to $1,000,000 in statutory damages and any other actual damages including unlawfully collected late fee amounts, together with costs and reasonable attorney fees. 15 U.S.C. § 1640(a)(2).

## COUNT II

### *Breach of Contract*

34.    The Bank breached its contract with cardholders by not treating payments in accordance with federal law.

WHEREFORE, Plaintiff Marcy Zevon prays on her behalf and on behalf of the Class that judgment be entered against Defendant as follows:

(1)    An order certifying the proposed Class under Federal Rule of Civil Procedure 23(b)(2) and, additionally or in the alternative, an order certifying the Class under Federal Rule of Civil Procedure 23(b)(3);

(2)    A declaration that the Bank's systematic and standard policy of treating payments arriving the first business day after a due date as late, when it does not receive or accept payments on the due date, violates the Truth in Lending Act;

(3)    An injunction permanently prohibiting the Bank from engaging in the conduct described;

(4)    Maximum statutory damages as provided under 15 U.S.C. § 1640(a)(2);

(5)    Restitution of late fees and any actual damages;

(6)    Attorney fees, litigation expenses, and costs;

(7)    Such other and further relief as to this Court may seem just and proper.

*Jury Demand*

Plaintiff respectfully requests a trial by jury.

Dated:  New York, New York
        September 3, 2014

                                    Respectfully Submitted,

                          By:       _____
                                    Brian L. Bromberg
                                    One of Plaintiff's Attorneys

Attorneys for Plaintiff

Brian L. Bromberg
Jonathan R. Miller
Bromberg Law Office, P.C.
Standard Oil Building
26 Broadway, 21st Floor
New York, New York 10004
(212) 248-7906

Harley J. Schnall
Law Office of Harley J. Schnall
711 West End Avenue
New York, NY 10025
(212) 678-6546

Exhibit A



**Gold Delta SkyMiles®  Credit Card**

MARCY ZEVON
Closing Date 09/06/13

**▲ DELTA**

p. 1/12

Account Ending ▮▮▮

| | |
|---|---|
| **New Balance** | $▮▮▮ |
| **Minimum Payment Due** | $▮▮▮ |
| **Payment Due Date** | **10/02/13** |

**Late Payment Warning:** If we do not receive your Minimum Payment Due by the Payment Due Date listed above, you may have to pay a late fee of up to $35.00 and your Purchase APR may be increased to the Penalty APR of 27.24%.

**Minimum Payment Warning:** If you make only the minimum payment each period, you will pay more in interest and it will take you longer to pay off your balance. For example:

| If you make no additional charges and each month you pay... | You will pay off the balance shown on this statement in about... | And you will pay an estimated total of... |
|---|---|---|
| Only the Minimum Payment Due | 21 years | $▮▮▮ |
| $▮▮▮ | 3 years | ▮▮▮ (Savings= ▮▮▮ 7) |

If you would like information about credit counseling services, call 1-888-733-4139.

→ See page 2 for important information about your account.

ⓘ New York residents may contact the New York Department of Financial Services to obtain a comparative listing of credit card rates, fees and grace periods by calling 1-800-518-8866.

→ **See Page 11   for Important Changes to Your Account Terms and Benefits**

**Delta SkyMiles®**
Earned this Period                    ▮▮▮

→ For details, see your Delta SkyMiles Summary.

## Account Summary

| | |
|---|---|
| Previous Balance | ▮▮▮ |
| Payments/Credits | ▮▮▮ |
| New Charges | + |
| Fees | +$25.00 |
| Interest Charged | ▮▮▮ |

| | |
|---|---|
| **New Balance** | ▮▮▮ |
| **Minimum Payment Due** | ▮▮▮ |

| | |
|---|---|
| Credit Limit | ▮▮▮ |
| Available Credit | ▮▮▮ |
| Cash Advance Limit | ▮▮▮ |
| Available Cash | ▮▮▮ |
| Days in Billing Period: 29 | |

## Customer Care

🖥 **Pay by Computer**
americanexpress.com/pbc

**Customer Care**          **Pay by Phone**
1-800-430-1000            1-800-472-9297

→ See page 2 for additional information.

↓ Please fold on the perforation below, detach and return with your payment ↓

✉ **Payment Coupon**
Do not staple or use paper clips

🖥 **Pay by Computer**
americanexpress.com/pbc

📞 **Pay by Phone**
1-800-472-9297

**Account Ending 3-42001**

Enter account number on all documents.
Make check payable to American Express.

MARCY ZEVON
838 WES END AVE
3C
NEW YORK NY 10025

| | |
|---|---|
| Payment Due Date | **10/02/13** |
| New Balance | ▮▮▮ |
| Minimum Payment Due | ▮▮▮ |

☐ Check here if your address or phone number has changed.
Note changes on reverse side.

AMERICAN EXPRESS
P.O. BOX 1270
NEWARK NJ 07101-1270

$_____
**Amount Enclosed**

0000349991994096824  001010831000026100  04  ⊣



**Gold Delta SkyMiles® Credit Card**

MARCY ZEVON
Closing Date 09/06/13

**▲ DELTA**    p. 3/12

Account Ending ▉

## Payments and Credits

### Summary

| | Total |
|---|---|
| **Payments** | ·$2,000.00 |
| **Credits** | |
| MARCY ZEVON 3-42001 | -$▉ |
| **Total Payments and Credits** | -▉ |

### Detail    *Indicates posting date

| Payments | | | Amount |
|---|---|---|---|
| 09/03/13* | MARCY ZEVON | ONLINE PAYMENT - THANK YOU | -$1,000.00 |
| 09/03/13* | MARCY ZEVON | PAYMENT RECEIVED ACH - THANK YOU | -$1,000.00 |
| **Credits** | | | **Amount** |
| 08/20/13 | MARCY ZEVON | ▉ ▉ ▉ ▉ | -▉ |

## New Charges

### Summary

| | Total |
|---|---|
| MARCY ZEVON ▉ | $▉ |
| JERRY  LITWIN ▉ | ▉ |
| ANDREW S LITWIN ▉ | $▉ |
| DANIEL K LITWIN ▉ | ▉ |
| **Total New Charges** | ▉ |

### Detail

**MARCY ZEVON**
Card Ending 3-42001

| | | | Amount |
|---|---|---|---|
| 08/08/13 | ▉ | NY | ▉ |
| 08/09/13 | ▉ | NY | ▉ |
| 08/11/13 | ▉ | | ▉ |
| 08/16/13 | ▉ | NY | ▉ |
| 08/19/13 | ▉ | NJ | ▉ |

Continued on reverse





**Gold Delta SkyMiles®  Credit Card**

MARCY ZEVON
Closing Date 09/06/13

**A.DELTA**

p. 9/12

Account Ending ▉

## 2013 Fees and Interest Totals Year-to-Date

|  | Amount |
| --- | --- |
| Total Fees in 2013 | $25.00 |
| Total Interest in 2013 | ▉ |

## Interest Charge Calculation

Your Annual Percentage Rate (APR) is the annual interest rate on your account.

| | Transactions Dated From | Transactions Dated To | Annual Percentage Rate | Balance Subject to Interest Rate | Interest Charge |
| --- | --- | --- | --- | --- | --- |
| Purchases | 12/15/2012 | | ▉ | $9▉ | ▉ |
| Cash Advances | 12/15/2012 | | ▉ | ▉ | ▉ |
| **Total** | | | | | ▉ |

(v) Variable Rate

## Delta SkyMiles® Earned

**A.DELTA**

SkyMiles® Account Number:  9460104624

| | Current Period | Year to Date |
| --- | --- | --- |
| Miles Earned for Eligible Spend | ▉ | ▉ |
| Total Bonus Miles Earned | ▌ | ▉ |
| **Total Miles Earned** | ▉ | ▉ |